U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 AUG 30 AM 10: 53

CLERK

_____ /s/ _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF VERMONT

TOBY TUCKER,
for himself and on behalf of all those
similarly situated individuals,

    Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,

    Defendant.

CASE NO. 2:18-cv-140

CLASS ACTION COMPLAINT

JURY TRIAL DEMANDED

Plaintiff Toby Tucker ("Plaintiff"), by and through his attorneys, on behalf of himself and all similarly situated individuals, alleges the following against Defendant, Portfolio Recovery Associates, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act, *15 U.S.C. § 1692 et seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under *28 U.S.C. § 1331* and *15 U.S.C. § 1692*.

3. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

4. Defendants transacts business here; personal jurisdiction is established.

///

1

## PARTIES

5. Plaintiff is a natural person residing in Randolph, Orange County, Vermont.
6. Defendant is a debt collector engaged in the business of giving loans and managing credit accounts with its principal place of business located 120 Corporate Blvd, Norfolk, VA 23502.
7. The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes.
8. During the course of its attempts to collect debts, Defendant sent to Debtor bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.
9. Defendant's principal purpose is the collection of debts and regularly uses the telephone and mail to engage in the business of collecting debt. Thus, Defendant is a "debt collector" as defined by the FDCPA, *15 U.S.C. § 1692a(6)*.
10. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant attempted to collect a debt from Plaintiff.
12. On or about August 29, 2017, Defendant sent Plaintiff a letter in an attempt to collect on Plaintiff's alleged debt.
13. Plaintiff's alleged debt purports to have originated with Capital One Bank, N.A. with an account number ending in 2830.
14. The letter classified Defendant as the "creditor to whom debt is owed."
15. The letter classified Capital One Bank, N.A. as the "original creditor" and "seller."

16. The letter contained the language, "[t]he law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, **we** will not sue you for it or report payment or non-payment of it to a credit bureau." (emphasis added).
17. Vermont 12 V.S.A. § 511 states that the statute of limitations for collection on a written contract hall be commenced within six (6) years after the cause of action accrues and not thereafter.
18. No payments for the Capital One Bank, N.A. account was ever made the Defendant.
19. Applying that statute to the present facts, Plaintiff's alleged debt was long past the statute of limitations and Plaintiff could no longer be sued over the debt by any party.
20. The phrase, "**we** will not sue you for it or report payment or non-payment…" is purposefully written to mislead the consumer into believing that it is possible for an entity other than Defendant to sue Plaintiff for the debt. (emphasis added); and that Defendant was being gratuitous in choosing not to sue Plaintiff.
21. The language is misleading as it suggests that Plaintiff should deal with Defendant rather than a future debt collector who may in fact sue Plaintiff if the debt is sold or transferred.
22. Whether Defendant would sue Plaintiff is not stated within the letter.
23. Whether any other creditor could sue Plaintiff is not stated.
24. The debt is past the statute of limitations and a knowing lawsuit on time-barred debt is a violation of the Fair Debt Collection Practices Act.
25. Defendant further invited Plaintiff to enter into a repayment agreement which would restart that the statute of limitations through settlement.
26. The letter contained the language, "pay $105.03 for 6 consecutive months and save $630.16"; "pay $63.02 for 12 consecutive months and save $504.10"; and "pay $49.01 for 18 consecutive months and save $378.16";

27. Defendant, with the knowledge that if Plaintiff fails to complete the settlement offers listed than Defendant has successfully revived the statute of limitations for themselves.

28. Further, the letter fails to inform Plaintiff that any payment, even a partial payment, would restart the clock on the debt's statute of limitations.

29. Defendant carefully crafted language is written to appear gratuitous rather than providing the legally required disclosure that the debt is beyond the statute of limitations such that no entity or individual could ever sue Plaintiff or any Class member.

30. Defendant has used this type of misleading and deceptive language in their attempts to collect from Plaintiff as well as each and every Class member in an attempt to coerce them to pay outstanding balances on debts passed the statute of limitations.

## CLASS ACTION CLAIM

### (Violations of the FDCPA, 47 U.S.C. § 1692 et seq.)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendants, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

33. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendants' use of the language identified in paragraphs 16, 20 and 26 is misleading to the least sophisticated consumer; and

4

   b. Whether Defendants' conduct constituted violations of the FDCPA; more precisely 15 U.S.C. § 1692e, § 1692e(2)(A), and §1692f.

34. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

35. **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

36. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

37. **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally

applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

38. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations in connection with the collection of a debt;

    b. Defendants violated 15 U.S.C. §1692e(2)(A) by falsely representing the character or legal status of a debt; and

    c. Defendants violated 15 U.S.C. §1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

39. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

40. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff and each Class member for up to $1,000 in statutory damages, actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Toby Tucker respectfully requests that judgment be entered against Defendant for the following:

    A. Statutory and actual damages pursuant to 15 U.S.C. § 1692k;

    B. Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

    C. Injunctive relief to prevent any further use of the complained of language by Defendants in future collection letters;

    D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

    E. Any other relief that this Honorable Court deems appropriate.

///

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiffs demands a trial by jury in this action.

Respectfully submitted this 27th day of August 2018.

                    **COHEN CONSUMER LAW, PLC**

                    */s/ Joshua Cohen*

Joshua R.I. Cohen, VT #5219
PO Box 1639
West Dover, VT 05356
P: 802-380-8887
F: 860-233-0339
E: jcohen@thestudentloanlawyer.com

**PRICE LAW GROUP, APC**

David A. Chami, AZ #027585[*]
8245 N. 85th Way
Scottsdale, AZ 85258
T: 818-600-5515
F: 818-600-5464
E: david@pricelawgroup.com

Attorneys for Plaintiff,
Toby Tucker
*for himself and on behalf of all
those similarly situated individuals*

---

[*]Motion to appear Pro Hac Vice forthcoming.